DANIEL H. HORTON vs. RICHARD BASSETT.

The dismissal of a bill in equity, after hearing, is no bar to a second suit, when the second bill, though asking the same relief as the first, sets forth different facts and circumstances as the reasons for it.

A bill in equity to avoid a sheriff's deed set out that the respondent had brought eject-ment against the complainant.

*Held*, no reason for demurrer: the lawsuit was controlled by the respondent, could not remove the cloud of the sheriff's deed, and might find the complainant estopped by the sheriff's deed from proving the facts alleged in the bill.

BILL IN EQUITY to avoid a deed. On demurrer to the bill.

*July* 19, 1890. DURFEE, C. J. This is a suit in equity to avoid a sheriff's deed, purporting to convey to the defendant Bassett all the complainant's right, title and interest in certain real estate, which the bill alleges belonged to the complainant. The deed purports to have been made pursuant to a sale under an execution levied on said estate in favor of the defendant Bassett against the complainant. The bill alleges in effect, as ground for relief, that said sale, though undertaken, was never completed, no bids having been called for, and no sale announced; that the complainant was sick and unable to attend the sale, but gave money to one William Parker to attend, and either satisfy the execution or buy the prop-erty for him; that Parker attended but did not buy, because no bids were called for, and he did not know that any sale was pre-tended to be made; that the property claimed to have been sold for ten dollars is worth five thousand dollars. The bill also sets forth that the complainant at a former term of this court preferred a bill in equity against said defendant, before the deed was given, to have the sale set aside as void for certain alleged defects in the advertisement, which bill was demurred to, and, after hearing on demurrer, dismissed. See *Horton* v. *Bassett*, 16 R. I. 419. The complainant offers in his bill to pay what is due on the judg-ment against him, and the defendant Bassett has demurred, alleg-ing as his first ground of demurrer that the complainant is estopped from sustaining his bill " because he has previously brought a bill in this court against the defendant to have this same sale de-clared void, and this bill shows that the additional reasons now set up were as well known to him when said first bill was brought

as now, and that said first bill was decided in favor of this defendant."

The defendant cites in support of this ground *Rogers* v. *Higgins et al.* 57 Ill. 244, which is apparently in point, though it is not entirely clear that it is. The only authority cited in that case is *Stockton* v. *Ford*, 1 Blackf. 360 ; *Stockton* v. *Ford*, 18 How. U. S. 418. The first named case is not to be found. The other is a case, not where facts were alleged in the second bill not alleged in the first, but where, under substantially the same allegations, relief was asked beyond what was previously·contended for. " The question," say the court, " was properly involved in the former case, and might have been then raised and determined. The neglect of the plaintiff to avail himself of it furnishes no reason for another litigation." The case does not support *Rogers* v. *Higgins*, if it was decided in *Rogers* v. *Higgins* that the first suit is a bar to the second, when the second seeks relief upon different allegations of fact.

The following English cases fully show that the dismission of a former suit after·hearing is not a bar to a second suit, when the bill in the second suit, while asking for the same relief, sets forth different facts and circumstances as the ground for it. *Marchioness of Londonderry* v. *Baker*, 3 Giff. 128, affirmed on appeal, 3 De G. F. & J. 701 ; *Hunter* v. *Stewart*, 4 De G. F. & J. 168 ; *Moss* v. *Anglo-Egyptian Navigation Co.* L. R. 1 Ch. App. 108. In the first of these cases it was decided that, although a plea of a demurrer to one bill for want of equity may be good to another, yet when the plaintiff's title to relief depends, not on the construction of an instrument, but on facts and circumstances, if the allegations of the two bills are different, the plea cannot be sustained. The decision in the second case was, that the defence of *res adjudicata* cannot avail where the grounds of relief alleged in the bills in the two suits are different. " One of the *criteria* of identity," said the Lord Chancellor, " in considering a plea of *res adjudicata*, is the inquiry whether the same evidence would support both. But in the present case the evidence required to prove the allegations in the first bill would not sustain any of the material allegations in the second, and the evidence given in the second suit would not be receivable for want of proper allegations in the first." The third case decides that a demurrer will not lie to a

bill on the ground of *res adjudicata*, unless the bill avers that everything in controversy as the foundation of relief was also in controversy in the former suit.

We decide on the authority of these English cases, which appear to us to be directly in point, that the demurrer cannot be sustained on the first ground.

The second ground of demurrer is, that in the former suit the bill alleged " a pretended sale," which must be held to mean that there was, in form at least, a sale. It is argued that the complainant is therefore estopped from alleging in the bill in this suit that there was no sale. We do not think this ground can be sustained.

The third ground assigned is, that it appears by the bill that there is a suit at law, begun in the court of Common Pleas and now pending in this court, " in which the complainant can obtain all the relief which he could obtain by this bill." We do not think so. The bill simply states that Bassett has commenced a suit at law against the complainant to eject him from the possession of the real estate. The suit is under Bassett's control, and may be discontinued. If it is tried, the complainant may be estopped by the sheriff's return from proving in defence the facts alleged in the bill. The sheriff's deed creates a cloud on the complainant's title which can be removed in this suit, but not by the suit at law.                                   *Demurrer overruled.*

*George N. Bliss, Charles H. Page, & Franklin P. Owen,* for complainant.

*W. B. Tanner & Edward W. Blodgett,* for respondent.